# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 4:15-cr-00028-TWP-VTW-3 |
| JEFFREY COLEMAN, | ) ) ) | |
| Defendant. | ) | |

## ENTRY DENYING MOTION TO REDUCE SENTENCE

This matter is before the Court on Defendant Jeffrey Coleman's ("Mr. Coleman") Motion for Resentencing Pursuant to the First Step Act Under Section 404(b). (Dkt. 932.) For the reasons stated below, the Motion is **denied**.

## I. LEGAL STANDARD

On December 21, 2018, the President signed into law Senate Bill 756, the Formerly Incarcerated Reenter Society Transformed Safely Transitioning Every Person Act (the "First Step Act"), which promotes recidivism reduction programs and amends some sentencing provisions. Section 404 of the First Step Act provides that any defendant sentenced before the effective date of the Fair Sentencing Act of 2010 (August 3, 2010), who did not receive the benefit of the statutory penalty changes made by that Act is eligible for a sentence reduction as if Sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the offender was sentenced.

## II. DISCUSSION

On May 3, 2017, Mr. Coleman entered a plea of guilty to Count One: Conspiracy to Distribute Controlled Substances (1 Kilogram or More of Heroin), pursuant to 21U.S.C. §§841(a)(1), 846 and 851 (Dkt. 510). The 2016 Guidelines Manual, incorporating all guideline

amendments, was used to determine Mr. Coleman's offense level. USSG §1B1.11. (Dkt. 655 at 6). He was sentenced on September 22, 2017 to 180 months' imprisonment, followed by 5 years of supervised release. In determining the advisory guideline range, the Court applied the Chapter Four Enhancement because Mr. Coleman was at least 18 years old at the time of the instant offense of conviction; the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense; therefore, the defendant is a career offender. Mr. Coleman was sentenced to a below guideline sentence based on a departure.

In the Motion before the Court, Mr. Coleman seeks a reduction of his sentence pursuant to the Section 404(b) of the First Step Act. After filing his Motion, the Court stayed the proceedings and appointed the Indiana Federal Community Defender ("FCD") to investigate and determine whether they would accept representation. (Dkt. 933.) Following investigation, the FCD counsel moved to withdraw, (Dkt. 935), and that motion was granted on July 17, 2019. (Dkt. 938.) The Stay imposed by this Court on July 3, 2019 was lifted and the Government was given until **August 19, 2019** to respond to Coleman's *pro se* Motion. *Id*. That deadline has expired, and the Government has elected not to respond.

In his Motion, Mr. Coleman explains that he was sentenced to 180 months under 21 U.S.C. §§ 841 and 846 "with the drug type being heroin." (Dkt, 932 at 2.) He asserts the instant offense is not a violent offense and he requests that the Court "apply a two point non-violent drug offender reduction," and "reduce the 180 [m]onths to an appropriate sentence of 144-166 months." *Id*. Mr. Coleman's Motion must be denied for several reasons. First, if he is challenging the Chapter Four/Career Offender Enhancement, that determination was made not because of convictions for

crimes of violence, rather, his prior controlled substance offense convictions were considered. Second, in calculating his sentence, any statutory penalties which were modified in Sections 2 and 3 of the Fair Sentencing Act of 2010 have already been applied because the 2016 United States Sentencing Guidelines manual, incorporating all guideline amendments, was used to determine Mr. Coleman's offense level. In addition, a section 404(b) reduction applies only to "at the time the covered offense was committed." When Congress makes a law retroactive, it must state for what event it is retroactive to. A section 404(b) reduction is retroactive for any offense committed *before* August 3, 2010. The offense here was committed "[f]rom on or about April 20, 2015 and continuing up to and including December 10, 2015". (Dkt. 75). Accordingly, Mr. Coleman is not entitled to the relief requested.

### III.  CONCLUSION

Under the circumstances of this case, a sentence reduction under the First Step Act Section 404(b) does not apply and the Motion for Resentencing Pursuant to the First Step Act Under Section 404(b) (Dkt. 932) is **DENIED.**

**SO ORDERED.**

Date:  9/12/2019

*Tanya Walton Pratt*
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jeffrey Coleman, #13853-028
Federal Correctional Institution McDowell
P.O. Box 1009
Welch, West Virginia   24801

Barry Glickman
UNITED STATES ATTORNEY'S OFFICE
barry.glickman@usdoj.gov

William Lance McCoskey
UNITED STATES ATTORNEY'S OFFICE
william.mccoskey@usdoj.gov