UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 4:15-CR-28-TWP-VTW-03 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| JEFFREY COLEMAN | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:15-cr-00028-TWP-VTW-3 |
| JEFFREY COLEMAN, | ) ) ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on Defendant Jeffrey Coleman's ("Mr. Coleman") Motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Dkt 978).[1] For the reasons explained below, Mr. Coleman's Motion is **denied**.

## I. BACKGROUND

In May 2017, Mr. Coleman pled guilty to one count of conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 841 and 846. (Dkt. 510; *see also* Dkt. 479.) The Court sentenced Mr. Coleman to 180 months' imprisonment and five years' supervised release. (Dkt. 711.)

---

[1] To the extent that Mr. Coleman asks the Court to allow him to serve the remainder of his sentence on home confinement, the Court lacks the authority to do so. Pursuant to statute, the location of a prisoner's confinement is the sole province of the Bureau of Prisons, and its placement decisions are "not reviewable by any court." 18 U.S.C. § 3621(b). Likewise, the CARES Act expands the powers of the Attorney General and the Director of the Bureau of Prisons to place inmates on home confinement, but it does not expand the courts' ability to do so. *See* Pub. L. No. 116-136, 134 Stat. 281, 516 (2020) (CARES Act § 12003(b)(2)). The Court therefore does not have the authority to order the remainder of Mr. Coleman's sentence to be served on home confinement. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (district court lacks authority to order transfer to home confinement). Instead, in accordance with § 3582(c)(1)(A), the Court considers whether to reduce Mr. Coleman's sentence to time served. *See United States v. Millbrook*, No. 20-2147, 2021 WL 960743, at *2 (7th Cir. Mar. 15, 2021) (finding no error when district court failed to discuss defendant's alternative request for transfer to home confinement because the court had no authority to grant the request under § 3582, which authorizes only sentence "reductions").

In June 2020, Mr. Coleman filed a *pro se* motion for compassionate release. (Dkt. 978.) He argues that the COVID-19 pandemic, standing alone and in conjunction with his race and pre-existing health conditions, constitutes an extraordinary and compelling reason warranting a sentence reduction. *Id*. While the Government opposes the Motion, (*see* Dkt. 1043), Mr. Coleman has submitted several filings in support of his request, (*see* Dkts. 992, 998, 1021, 1033, 1060, 1066, 1080, 1081, 1099).

## II. DISCUSSION

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Coleman's reason for requesting a sentence reduction—the risk to his physical health presented by COVID-19, particularly in light of his race, medical conditions, and incarceration—is not an extraordinary and compelling reason to release him.[2] The United States Court of Appeals

---

[2] Mr. Coleman also argues that the conditions of his confinement violate the Eighth Amendment (*see* Dkt. 978 at 14-16). In cases where a defendant challenges "the conditions under which he is being held, [the Seventh Circuit] has held that [he] must use a § 1983 or *Bivens* theory." *Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005). Mr. Coleman must pursue this argument in the district where he is confined after exhausting his available administrative remedies.

for the Seventh Circuit has held that COVID-19 cannot be an extraordinary and compelling reason for release for an inmate who had declined the vaccine without an adequate medical justification. *See United States v. Broadfield*, 5 F.4th 801 (7th Cir. 2021). The Seventh Circuit has also repeatedly affirmed that the risk an inmate faces from COVID-19 cannot be an extraordinary and compelling reason warranting release under § 3582(c)(1)(A)(i) unless the inmate shows that he cannot "receive or benefit from a vaccine." *Id.*; *see also United States v. Clemons*, No. 21-2440, 2022 WL 1436801, at *2 (7th Cir. May 6, 2022) ("Despite the threat of new coronavirus variants, we reiterate that an inmate's risk of COVID-19 cannot justify compassionate release absent an inability to receive or benefit from a vaccine.") (cleaned up).  Although Mr. Coleman states that he did not receive the vaccine because he was scared "that it would cause [his] kidney to stop working," (Dkt. 1080 at 2), he has not presented any evidence suggesting that he could not receive the vaccine due to his chronic kidney disease or that he would not benefit from the vaccine.  "The federal judiciary need not accept a prisoner's self-diagnosed skepticism about the COVID-19 vaccines as an adequate explanation for remaining unvaccinated, when the responsible agencies all deem vaccination safe and effective." *Broadfield*, 5 F.4th at 803.  Mr. Coleman has not shown that his refusal to receive the vaccine was medically justified.  Accordingly, he has not shown extraordinary and compelling reasons warranting release under § 3582(c)(1)(A)(i).

Given that Mr. Coleman has not shown extraordinary and compelling reasons to justify his release, the Court need not address whether he is a danger to the community or whether the § 3553(a) sentencing factors weigh in favor of his release.  However, the Court would nevertheless find that Mr. Coleman is not entitled to compassionate release because the § 3553 factors do not weigh in his favor.

4

To Mr. Coleman's credit, he represents that he has incurred no disciplinary infractions, his security level has decreased, he has completed several programs, and he has maintained employment with positive work reviews. Weighing heavily against him, Mr. Coleman was responsible for distributing a large amount of heroin, he possessed several firearms while participating in the conspiracy, and he is not due to be released for more than six years. *See* https://www.bop.gov/inmateloc (last visited May 17, 2022) (listing anticipated release date as September 20, 2028). The Court finds that releasing Mr. Coleman now would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("all a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as Ugbah's is enough; more would be otiose.").

### III.  CONCLUSION

For these reasons, Mr. Coleman's Motion for compassionate release, Dkt. [978], is **DENIED**.

**SO ORDERED.**

Date: 5/31/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jeffrey Coleman, # 13853-028
FMC Butner
Federal Medical Center
P.O. Box 1600
Butner, North Carolina  27509

Barry Glickman
UNITED STATES ATTORNEY'S OFFICE
barry.glickman@usdoj.gov

Lara K. Langeneckert
UNITED STATES ATTORNEY'S OFFICE
lara.langeneckert@usdoj.gov

William Lance McCoskey
UNITED STATES ATTORNEY'S OFFICE
william.mccoskey@usdoj.gov